1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                                    EASTERN DISTRICT OF CALIFORNIA

10

11   LODI MEMORIAL HOSPITAL                    No.  2:15-cv-00319-MCE-KJN
     ASSOCIATION, INC., a California non-
12   profit public benefit corporation,

13                  Plaintiff,                  **MEMORANDUM AND ORDER**

14         v.

15   TIGER LINES, LLC, a California limited
     liability company; GROUP & PENSION
16   ADMINISTRATORS, INC., a Texas
     corporation; and DOES 1 through 25,
17   inclusive,

18                  Defendants.

19

20         Through the present action, Plaintiff Lodi Memorial Hospital Association, Inc.

21   ("Plaintiff") seeks additional payment for medical services it provided to patients insured

22   under the self-insured medical plan ("Plan") administered by Defendants Tiger Lines,

23   LLC ("Tiger Lines") and Group & Pension Administrators, Inc. (collectively,

24   "Defendants").  Plaintiff originally filed this action in state court, but it was subsequently

25   removed on grounds that Plaintiff's claims are completely preempted by the provisions of

26   the Employee Retirement Income Security Act ("ERISA").[1]  By Memorandum and Order

27   filed August 20, 2015 (ECF No. 14), this Court granted Defendants' Motion to Dismiss

28   ───────────────
           [1] ERISA is codified in the United States Code in scattered sections of 29 U.S.C.

1    Plaintiff's state law claims for quantum meruit and for violations of California's Unfair

2    Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17204, because those

3    claims were preempted by ERISA.

4         The Court permitted leave to amend and, on September 8, 2015, Plaintiff filed a

5    First Amended Complaint ("FAC") purporting state claims for: 1) breach of oral contract;

6    2) breach of implied-in-fact contract; and 3) negligent misrepresentation.  ECF No. 15.

7    In response, Defendants filed a second Motion to Dismiss (ECF No. 16) pursuant to

8    Federal Rule of Civil Procedure 12(b)(6)[2] on grounds that Plaintiff failed to state a claim

9    upon which relief could be granted.  Alternatively, Defendants argued they could not

10   respond to Plaintiff's new claims as pled and moved for a more definite statement of

11   those claims under Rule 12(e).  The Court granted Defendants' Motion under Rule 12(e)

12   for a more definite statement and denied their Motion to Dismiss to afford Plaintiff the

13   opportunity to state a viable claim.  ECF No. 20.  On June 14, 2016, Plaintiff filed a

14   Second Amended Complaint ("SAC") realleging the same state claims set forth within

15   the FAC but now including an exhibit detailing facts related to the claims.  ECF No. 21.

16        Presently before the Court is Defendants' new Motion to Dismiss (ECF No. 22)

17   the SAC, brought pursuant to Rule 12(b)(6) on grounds that Plaintiff still fails to state a

18   claim upon which relief can be granted.

19        As set forth below, Defendants' Motion to Dismiss is DENIED in part and

20   GRANTED in part.  Insofar as Defendants' motion relates to Plaintiff's claims for breach

21   of oral contract and negligent misrepresentation, including claims related to Patient S.R.,

22   it is denied.  The dismissal request as to Plaintiff's claims for breach of an implied-in-fact

23   contract, however, is granted, with prejudice given Plaintiff's failure to correct the

24   pleading deficiencies previously pointed out by the Court with respect to the FAC.[3]

25   
_____

26        [2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

27        [3] Because oral argument would not have been of material assistance, this matter was submitted on the briefing.  E.D. Cal. Local R. 230(g).

28

1

2

### BACKGROUND[4]

3          During 2013 and 2014, Plaintiff provided medical assistance to a number of Tiger

4    Line employees.  SAC, ¶¶ 8, 10.  Those employees were enrolled members and/or

5    beneficiaries of a health plan sponsored and/or administered by Defendants.  Id. ¶ 8.

6    Defendants' Plan is self-funded.  Plan Document, Ex. B to Defs.' Notice of Removal,

7    ECF No. 1, Ex. B.  The Plan Document sets forth the terms and provisions under which

8    the Plan pays benefits.  When a medical provider obtains an assignment of benefits and

9    bills the Plan directly for goods and services provided to a patient covered by the Plan,

10   the Plan pays benefits directly to the medical provider.  Id.

11          According to Plaintiff, it provided goods and services to patients covered by the

12   Plan on 56 separate occasions and thereafter submitted claims to the Plan for payment.

13   SAC, ¶¶ 8, 10, 12, Ex. A.  The total charges billed to the Plan for those treatments were

14   $502,687.89.  Id. ¶ 11.  Plaintiff alleges that Defendants failed to pay the claims properly

15   and remitted only $31,568.04.  Id. ¶ 13.  Plaintiff contends it is still owed at least

16   $450,965.07, exclusive of interest, and now seeks to recover those funds.  Id.  Plaintiff

17   asserts claims for breach of oral and implied-in-fact contract, as well as negligent

18   misrepresentation based on three alleged representations from Defendants' agents.  Id.

19   ¶ 15, Ex. B.  Plaintiff alleges the representations in Exhibit B are illustrative of

20   representations made at each of the 56 incidents included in Exhibit A and give rise to its

21   claims.  Id. ¶¶ 17, 24, 29.

22          As indicated above, Plaintiff originally filed its lawsuit on December 22, 2014, in

23   San Joaquin County Superior Court.  Its complaint contained two state law claims for

24   quantum meruit and for UCL violations.  On February 6, 2015, Defendants removed that

25   action to this Court on grounds that its state law claims were completely preempted by

26   ERISA.  The Court subsequently granted Defendants' Motion to Dismiss on grounds that

27   _____

28          [4] The Following recitation of facts is taken, at times verbatim, from Plaintiff's SAC.  ECF No. 21.

1    Plaintiff had not identified a legal duty that would take the claims pled outside the scope

2    of ERISA preemption. The FAC followed, purportedly stating three new state law claims.

3    Defendants challenged those new claims arguing they were impermissibly vague and

4    should be dismissed.  Alternatively, Defendants asserted that Plaintiff needed to make a

5    more definite statement of its claims.  This Court agreed with Defendants' alternative

6    argument and ordered Plaintiff to plead more definite statements.  Plaintiff then filed their

7    SAC, which includes more factual details related to its three new claims.  Defendants

8    now challenge the SAC on grounds that Plaintiff continues to fail in pleading any facts

9    showing entitlement to relief.

10

11                                        **STANDARD**

12

13          On a motion to dismiss for failure to state a claim under Federal Rule of Civil

14   Procedure 12(b)(6), all allegations of material fact must be accepted as true and

15   construed in the light most favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins.

16   Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain

17   statement of the claim showing that the pleader is entitled to relief" in order to "give the

18   defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell

19   Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,

20   47 (1957)).  A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require

21   detailed factual allegations.  However, "a plaintiff's obligation to provide the grounds of

22   his entitlement to relief requires more than labels and conclusions, and a formulaic

23   recitation of the elements of a cause of action will not do."  Id. (internal citations and

24   quotations omitted).  A court is not required to accept as true a "legal conclusion

25   couched as a factual allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

26   Twombly, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief

27   above the speculative level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright &

28   Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the

                                              4

1    pleading must contain something more than "a statement of facts that merely creates a

2    suspicion [of] a legally cognizable right of action.")).

3            Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket

4    assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and

5    quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard

6    to see how a claimant could satisfy the requirements of providing not only 'fair notice' of

7    the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles

8    Alan Wright & Arthur R. Miller, supra, at § 1202).  A pleading must contain "only enough

9    facts to state a claim to relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . .

10   have not nudged their claims across the line from conceivable to plausible, their

11   complaint must be dismissed." Id.  However, "[a] well-pleaded complaint may proceed

12   even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a

13   recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S.

14   232, 236 (1974)).

15           A court granting a motion to dismiss a complaint must then decide whether to

16   grant leave to amend.  Leave to amend should be "freely given" where there is no

17   "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice

18   to the opposing party by virtue of allowance of the amendment, [or] futility of the

19   amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v.

20   Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to

21   be considered when deciding whether to grant leave to amend).  Not all of these factors

22   merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .

23   carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,

24   185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that

25   "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group,

26   Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006,

27   1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.

28   ///

1   1989) ("Leave need not be granted where the amendment of the complaint . . .

2   constitutes an exercise in futility . . . .")).

3

4                          **STATUTORY FRAMEWORK**

5

6          Generally, a cause of action arises under federal law only "when the plaintiff's well

7   pleaded complaint raises issues of federal law."  <u>Marin Gen. Hosp. v. Modesto & Empire</u>

8   <u>Traction Co.</u>, 581 F.3d 941, 944 (9th Cir. 2009).  Exclusive federal jurisdiction can

9   nonetheless be conferred "in certain instances where Congress intended the scope of a

10  federal law to be so broad as to entirely replace any state law claim."  <u>Id.</u> at 945.

11         ERISA represents one such instance.  Congress enacted ERISA in 1974 to

12  regulate employee benefits plans, and to protect the interests of plan participants and

13  their beneficiaries.  It provides a "federal cause of action for civil claims aimed at

14  enforcing the provisions of an ERISA plan."  <u>Reynolds Metals Co. v. Ellis</u>, 202 F.3d

15  1246, 1247 (9th Cir. 2000) (citing 29 U.S.C. § 1132(e)(1)).

16         The scope of ERISA regulation is sweeping.  Section 502(a)(1)(B) permits a civil

17  action by a participant or beneficiary of an ERISA plan "to recover benefits due to him

18  under the terms of the plan, to enforce his rights under the terms of the plan, or to clarify

19  his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  If a

20  state law action seeks such relief, it must be pursued as a federal claim under ERISA.

21  This is because, as the Supreme Court has recognized, § 502(a) demonstrates

22  Congressional intent to "so completely pre-empt a particular area that any civil complaint

23  raising this select group of claims is necessarily federal in character."  <u>Metro. Life Ins.</u>

24  <u>Co. v. Taylor</u>, 481 U.S. 58, 63-64 (1987).

25         ERISA, therefore, provides for complete preemption and confers exclusive federal

26  jurisdiction.  "Complete preemption removal is an exception to the otherwise applicable

27  rule that a plaintiff is ordinarily entitled to remain in state court so long as its complaint

28  does not, on its face, affirmatively allege a federal claim."  <u>Marin Gen.</u>, 581 F.3d at 945

                                          6

1    (internal quotation marks and citation omitted).  As the Ninth Circuit further notes,

2    however, "complete preemption under § 502(a) is really a jurisdictional rather than a

3    preemption doctrine," since it in fact confers federal jurisdiction given Congress's broad

4    intention to override any competing state law.  Id.

5            The Supreme Court has developed a two-prong test for determining whether a

6    state court cause of action is completely preempted under § 502(a): (1) "an individual, at

7    some point in time, could have brought the claim under ERISA § 502(a)(1)(B)"; and

8    (2) "where there is no other independent legal duty that is implicated by a defendant's

9    actions."  Aetna Health Inc. v. Davila, 542 U.S. 200, 210 (2004).  Davila's two prong test

10   is in the conjunctive—complete preemption occurs only if both prongs of the test are

11   satisfied.  Marin Gen., 581 F.3d at 947.

12          If complete preemption is present under a Davila analysis, and the case is

13   properly in federal court, the next step is to determine whether the state law claims upon

14   which federal jurisdiction has been conferred, survive so-called "conflict preemption"

15   under ERISA § 514(a).  See 29 U.S.C. § 1144(a).  Under § 514(a), state law claims that

16   "relate to" an ERISA cause of action "conflict" with ERISA and are therefore precluded,

17   even if their effect on ERISA "is only indirect."  Ingersoll-Rand Co. v. McClendon,

18   498 U.S. 133, 139 (1990).  State tort law and implied contract remedies are conflict

19   preempted even when ERISA does not authorize a similar cause of action.  Olson v.

20   Gen. Dynamics Corp., 960 F.2d 1418, 1424 (9th Cir. 1991).

21

22                                         **ANALYSIS**

23

24          Defendants argue the nature of Plaintiff's claims depend on provisions of

25   Defendants' employee benefit plan, and as such, are preempted by ERISA.  ECF

26   No. 22.  In the alternative, Defendants contend 1) Plaintiff's breach of oral contract

27   claims are barred by the statute of limitations ("SOL"); 2) Plaintiff has not sufficiently

28   alleged facts supporting a claim for breach of implied-in-fact contract; and 3) all claims

1    relating to "Patient S.R." should be dismissed for lack of consideration and reliance.  Id.

2    Plaintiff argues its claims are not preempted because it is not seeking recovery of ERISA

3    plan benefits, but rather damages arising from state law claims.  ECF No. 23.  Moreover,

4    Plaintiff asserts that the SOL does not bar its oral contract claims because Defendants

5    erroneously identify when the SOL began to run, and the claims relate back to the date

6    of the original pleading.  ECF No. 23.  Furthermore, Plaintiff argues it has sufficiently

7    pled facts to show an implied-in-fact contract. Regarding the claims related to Patient

8    S.R., Plaintiff asserts its inducement to refrain from pursuing other avenues of

9    reimbursement is sufficient evidence of consideration and reliance.[5]  ECF No. 23.

10       **A.    ERISA Preemption[6]**

11       Defendants contend that if Plaintiff's claims require eventual inquiry into the terms

12   of the ERISA plan, they are preempted and should be dismissed.  ECF No. 23.  To

13   support this contention, they cite to Peralta v. Hispanic Business, Inc., 419 F.3d 1064

14   (9th Cir. 2005).  Id.  While Defendants are correct, the claims at issue here do not

15   require any inquiry into the terms of the relevant ERISA plan.  In Peralta, the plaintiff

16   sought remedies based on a breach of fiduciary duty by an administrator of an ERISA

17   plan.  Peralta, 419 F.3d at 1069.  The court found that ERISA preemption existed

18   because the ERISA policy itself imposed the relevant fiduciary duty.  Id.  Conversely, the

19   parties in this case dispute whether Plaintiff's claims arise from the ERISA plan or from

20   _____

21   [5] Plaintiff's claims for negligent misrepresentation are only generally addressed in Defendants'
     Motion to Dismiss because they are related to Plaintiff's claims for breach of oral contract.  ECF No 22 at
     8.  In its previous Memorandum and Order, the Court informed Plaintiff that its claims for negligent

22   misrepresentation had to be pled with particularity in accordance with Rule 9(b).  ECF No. 20 at 8.  By
     including Exhibit B with the SAC, which provides illustrative examples and details about the
     representations giving rise to these claims, Plaintiff has met this burden and has sufficiently pled a claim

23   for negligent misrepresentation.

24   [6] The Court previously determined it had jurisdiction to hear this case under § 502(a) complete
     preemption because Plaintiff has standing under ERISA § 502(a)(1)(B) but nonetheless failed to allege an

25   independent legal duty that could survive ERISA preemption.  ECF No.14 at 12.  In its SAC, Plaintiff now
     alleges an independent legal duty giving rise to its claims, potentially challenging this Court's jurisdiction

26   over the matter.  ECF No. 21.  Although neither party raises the issue of jurisdiction, it should be noted that
     artful pleading does not dissolve federal jurisdiction.  Walters v. A Co., Inc., No. 93-55452, 1995 WL

27   574503, at *1 (9th Cir. 1995) (mem.) (stating that even after amending claims, when the gravamen of
     claims asserted is completely preempted by ERISA, a district court still has jurisdiction).  This Court's

28   jurisdiction therefore continues to be proper.

1    an independent legal duty based on state law, and at issue is whether Plaintiff has

2    alleged sufficient grounds for that independent legal duty.

3          The Peralta court reached its conclusion in part by comparing with the Ninth

4    Circuit's opinion in Providence Health Plan v. McDowell, 385 F.3d 1168 (9th Cir. 2004).

5    Peralta, 419 F.3d at 1069.  The McDowell court examined whether breach of contract

6    claims "relate to" an ERISA plan, such that the breach of contract claims are preempted.

7    McDowell, 385 F.3d at 1168.  In making this determination, the court evaluated whether

8    the claim was premised on the existence of an ERISA plan and whether the plan was

9    essential to the survival of the claim.  Id. at 1172.  The McDowell court concluded the

10   breach of contract claims in question did not "relate to" an ERISA plan because

11   adjudicating the claims did not require interpreting the ERISA plan.  Id.

12         Similarly, this Court, in a previous order addressing the FAC, stated that Plaintiff

13   could escape ERISA preemption by identifying and alleging with sufficient specificity,

14   independent grounds for its claims.  ECF No. 20 at 7.  Plaintiff, in its FAC, did not allege

15   independent grounds with sufficient specificity because they feared sufficient facts for all

16   56 representations would result in a lengthy pleading.  ECF No. 17 at 4.  In its order, the

17   Court stated that Plaintiff need not include specifics for all 56 alleged representations,

18   but instead only provide enough illustrative examples to give Defendants adequate

19   notice of the representations involved.  ECF No. 20 at 8-9.

20         Here, Plaintiff's SAC alleges breach of oral contract, implied-in-fact contract, and

21   negligent misrepresentation for 56 incidents based on three representations made by

22   Defendants' agents.  SAC, ¶¶ 15-33.  Hence, the present case is more like McDowell

23   than Peralta.  As in McDowell, Plaintiff seeks monetary relief "based on contractual

24   remedies that arise under state law."  McDowell, 385 F.3d at 1172-73; see also ECF

25   No. 23 at 3.  Additionally, the SAC includes an exhibit with details regarding three of the

26   56 incidents.  ECF No. 21-2.  The exhibit describes 1) what representations were made;

27   2) the agents who made those representations; and 3) the date when the

28   ///

1  representations were made.  Id.  Thus, Plaintiff has identified and adequately alleged

2  independent grounds for purposes of surviving ERISA conflict preemption.

3  **B.  Statute of Limitations for Breach of Oral Contract**

4  The SOL for an oral contract is two years, and it begins to run at the time the

5  contract is breached.  Cal. Civ. Proc. Code § 339; see also A.R. Int'l Anti-Fraud Sys.,

6  Inc. v. Pretoria Nat. Cent. Bureau of Interpol, 634 F. Supp. 2d 1108, 1118 (E.D. Cal.

7  2009); Yeager v. Bowling, No. CIV. 2:08-00102, 2008 WL 3289481, at *3 (E.D. Cal.

8  Aug. 6, 2008) (citing Cochran v. Cochran, 56 Cal. App. 4th 1115, 1124 (1997)).

9  Nevertheless, "[a]n otherwise time-barred claim in an amended pleading is deemed

10  timely if it relates back to the date of the original pleading."  ASARCO, LLC v. Union Pac.

11  R.R. Co., 765 F.3d 999, 1004 (9th Cir. 2014).  An amended pleading can relate back in

12  two ways.  First, it is permissible when the law providing the applicable SOL, here § 339,

13  specifically allows relation back.[7]  Fed. R. Civ. P. 15(c)(1)(A).  Second, relation back is

14  proper when the "amendment asserting a new or changed claim" arises from the

15  conduct, transaction or occurrence as in the original pleading, sharing common facts that

16  put the adverse party on notice.  ASARCO, 765 F.3d at 1004 (quotations omitted); see

17  also Rule 15(c)(1)(B).  Rule 15(c)'s relation back doctrine is liberally applied by courts.[8]

18  ASARCO, 765 F.3d at 1004.

19  ///

20  ///

21  ///

22  ─────────────

23  [7] Rule 15(c)(1)(A) states that the relation back doctrine applies when "the law that provides the applicable statute of limitations allows relation back."  Fed. R. Civ. P. 15.  Defendants argue that under Rule 15(c)(1)(A) the Court must apply a three factor test.  ECF No. 22 at 10.  However, the case cited by

24  Defendants supporting this argument does not discuss the application of Rule 15(c)(1)(A).  Spiteri v. Riverside County, No. ED CV 11-00822-DSF, 2014 Lexis 62408, at *24 (C.D. Cal. Mar. 20, 2014).  Thus,

25  the Court does not find Spiteri persuasive or controlling.

26  [8] According to Defendants, Plaintiff claims the breach of contract occurred the same day the agents made the representations.  ECF No. 22 at 10.  Plaintiff responds that the breach did not occur the same day the representations were made, and there are no facts alleged before this Court which further

27  illuminate just when the alleged breach occurred.  ECF No. 23 at 3-4.  Even assuming that the two-year SOL for all of Plaintiff's oral contract claims has passed, the claims are not time-barred if they relate back

28  to the original complaint.

1    California Code of Civil Procedure § 339 contains no reference to the relation

2    back doctrine, making Rule 15(c)(1)(A) inapplicable.  Therefore, Plaintiff's SAC can only

3    relate back if its claims arise from the same conduct, transaction or occurrence as in the

4    original pleading under Rule 15(c)(1)(B).

5    Plaintiff's original complaint alleged claims relating to 56 transactions between

6    itself and beneficiaries ("Patients") of the health plan Defendants administer and/or

7    sponsor.  Compl., ECF No. 1-1, ¶ 8, Ex. A.  The complaint further asserted the

8    Defendants and Plaintiff communicated "by [their] words and/or conduct" regarding the

9    "services, supplies, and/or equipment" the Patients needed.  Id. ¶ 16.  Plaintiff's SAC

10   alleges a different set of claims.  ECF No. 21, ¶¶ 15, 18-21, 25-27, 30-34.  However, the

11   claims in the SAC involve 1) the same 56 transactions that occurred between the Plaintiff

12   and the Patients, and 2) communications between Defendants and the Plaintiff regarding

13   those Patients.  ECF No. 21, ¶¶ 8-9, 17, 24, 29, Ex. A.  Plaintiff's new claims are

14   therefore related to the same transaction, occurrence or conduct referenced in its

15   original complaint, and Defendants received the "fair notice. . . that Rule 15(c) requires."

16   ASARCO, 765 F.3d at 1006.  Thus, Plaintiff's SAC relates back and its new claims for

17   breach of oral contract are not time-barred by the two-year SOL set out in § 339.

18           **C.    Sufficiency of Implied-In-Fact Contract Claims**

19   Two parties create an implied contract when their mutual agreement and intent to

20   promise are not expressed in words.  Retired Emps. Ass'n of Orange Cty., Inc. v. Cty. of

21   Orange, 52 Cal. 4th 1171, 1178 (2011) (quoting Silva v. Providence Hosp. of Oakland,

22   14 Cal. 2d 762 (1939)).  Plaintiff alleges that communications between itself and the

23   Defendants, as well as Defendants' conduct, created an implied-in-fact contract.  ECF

24   No. 21, ¶ 24.  Defendants challenge this allegation, pointing out that the representations

25   in Exhibit B of the SAC are expressions in words, which cannot create an implied

26   contract.  ECF No. 22 at 9.  They further contend Plaintiff alleges no conduct, other than

27   those representations, that would imply the existence of a contract.  Id.  In its opposition,

28   ///

11

1  Plaintiff does not rely on anything beyond the communications described in Exhibit B for
2  its implied contract claims.  ECF No. 23 at 2.

3      The representations in Exhibit B are clearly expressions of words and thus cannot
4  support the creation of an implied-in-fact contract.  The Court previously provided
5  Plaintiff the opportunity to include more facts to support its implied-in-fact contract
6  claims. EFC No. 20 at 9.  Plaintiff has failed to plead such facts in its SAC and therefore
7  has not raised its "right of relief above the speculative level" to make its claims plausible.
8  Twombly, 550 U.S. at 555, 570.  Thus, Plaintiff's claims for breach of implied-in-fact
9  contract are dismissed without leave to amend.

10      **D.    Claims Relating to Patient S.R.**

11      When assessing a 12(b)(6) motion to dismiss, all allegations of material fact,
12  excluding legal conclusions, must be accepted as true and construed in favor of the
13  nonmoving party.  Cahill, 80 F.3d at 337-38; Iqbal, 129 U.S. at 1950.  Defendants assert
14  claims relating to contracts require evidence of consideration and that claims of
15  negligent misrepresentations require evidence of reliance.  ECF No. 22 at 12-13.
16  Furthermore, they contend that Plaintiff has failed to allege such facts relating to Patient
17  S.R.  Id. at 12.  That is, it is impossible for the requirements of consideration and reliance
18  to be fulfilled because the alleged representation giving rise to those claims occurred
19  after Plaintiff provided services to the patient.  Id.  Thus, Defendants ask the Court to
20  dismiss the breach of oral contract and negligent misrepresentation claims related to
21  Patient S.R.

22      The details alleged in Exhibit B of the SAC indeed indicate the representations
23  relating to Patient S.R. occurred after Plaintiff provided services.  See ECF No. 21-2.
24  However, so long as the complaint provides fair notice of the claims and the grounds on
25  which they rest, the complaint "may proceed even if it strikes a savvy judge that . . .
26  recovery is very remote and unlikely."  Twombly, 550 U.S. at 556 (quotations omitted).
27  The incident and representation challenged by Defendants are one of five alleged
28  incidents and representations concerning Patient S.R.  ECF No. 21-2.  Although the

1    ///

2    particular representation in Exhibit B might not seem likely to prevail, the remaining four

3    representations could be sufficient for claims related to Patient S.R. to prevail.

4          Moreover, as the Court noted earlier, Plaintiff needs only to provide facts

5    supporting illustrative examples of the types representations made during each of the 56

6    incidents.  ECF No. 20 at 9.  Even excluding the representation related to Patient S.R.,

7    the remaining facts and representations in Exhibit B are enough for Plaintiff to allege

8    sufficient facts to make its claims for breach of oral contract and negligent

9    misrepresentation plausible.  Therefore, the Court does not dismiss the claims related to

10   Patient S.R. at this stage of the proceedings, no matter how unlikely recovery may

11   seem.

12

13                                    **CONCLUSION**

14

15         For the reasons set forth above, Defendants' Motion to Dismiss (ECF No. 22) is

16   GRANTED as it relates to Plaintiff's claims for breach of implied-in-fact contract.  Since

17   the Court has already provided Plaintiff an opportunity to plead facts to state a viable

18   claim in that regard, and because it has nonetheless failed to do so, no further leave to

19   amend will be permitted.  Defendants' Motion to Dismiss as it relates to Plaintiff's other

20   claims is DENIED.

21         IT IS SO ORDERED.

22   Dated:  March 14, 2017

23

24                                    _____
                                      MORRISON C. ENGLAND, JR.
25                                    UNITED STATES DISTRICT JUDGE

26

27

28

                                         13