LAW OFFICES OF STEPHENSON, ACQUISTO & COLMAN, INC.
MELANIE JOY STEPHENSON-LAWS, ESQ. (SBN 113755)
BARRY SULLIVAN, ESQ. (SBN 136571)
RICHARD A. LOVICH, ESQ. (SBN 113472)
KARLENE J. ROGERS-ABERMAN, ESQ. (SBN 237883)
303 N. Glenoaks Blvd., Suite 700
Burbank, CA 91502

Telephone:  (818) 559-4477
Facsimile:   (818) 559-5484

Attorneys for Plaintiff
LODI MEMORIAL HOSPITAL ASSOCIATION, INC., a California non-profit public benefit corporation

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| LODI MEMORIAL HOSPITAL ASSOCIATION, INC., a California non-profit public benefit corporation, | Case No. 2:15-cv-00319-MCE-KJN |
|---|---|
| Plaintiff, | THIRD AMENDED COMPLAINT FOR DAMAGES FOR: |
| vs. | 1. BREACH OF ORAL CONTRACT; and |
| TIGER LINES, LLC, a California limited liability company; GROUP & PENSION ADMINISTRATORS, INC., a Texas corporation; and DOES 1 THROUGH 25, INCLUSIVE, | 2. NEGLIGENT MISREPRESENTATION. |
| Defendants. | |

FC 11365 - 1 - THIRD AMENDED COMPLAINT FOR DAMAGES

# PARTIES

1. Plaintiff Lodi Memorial Hospital Association, Inc. ("Lodi Memorial") is a non-profit public benefit corporation organized and existing pursuant to the laws of the State of California. Lodi Memorial owns and operates Lodi Memorial Hospital in the City of Lodi, County of San Joaquin, State of California. Lodi Memorial has its principal place of business in Lodi, California. Lodi Memorial provides medical care to patients.

2. Defendant Tiger Lines, LLC ("Tiger Lines") is a limited liability company organized and existing pursuant to the laws of the State of California. Tiger Lines has its principal place of business in the City of Lodi, County of San Joaquin, State of California.

3. Defendant Group & Pension Administrators, Inc. ("GPA") is a corporation organized and existing pursuant to the laws of the State of Texas. GPA has its principal place of business in Dallas, Texas.

4. Lodi Memorial is unaware of the true names and capacities, whether corporate, associate, individual, partnership, or otherwise of defendants Does 1 through 25, inclusive, and therefore sues such defendants by such fictitious names. Lodi Memorial will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

5. Tiger Lines, GPA, and Does 1 through 25, inclusive, shall be collectively referred to as "Defendants."

6. Defendants, and each of them, at all relevant times, have

transacted business in the State of California. The violations alleged within this complaint have been and are being carried out in the State of California.

7. At all relevant times each of the defendants, including the defendants named "Doe," was and is the agent, employee, employer, joint venturer, representative, alter ego, subsidiary, and/or partner of one or more of the other defendants, and was, in performing the acts complained of herein, acting within the scope of such agency, employment, joint venture, or partnership authority, and/or is in some other way responsible for the acts of one or more of the other defendants.

## COMMON FACTUAL BACKGROUND

8. Lodi Memorial is informed and believes and thereon alleges that at all relevant times the patients identified on the spreadsheet attached as Exhibit 1 to this Third Amended Complaint (and which is incorporated herein by this reference as though set forth in full) ("Patients") were enrolled beneficiaries and/or members of a health plan sponsored, administered and/or financed by Tiger Lines and GPA.[1]

9. Lodi Memorial is informed and believes and thereon alleges that at all relevant times, Tiger Lines and GPA provided, arranged, and/or paid for healthcare services for its beneficiaries and/or members, including the Patients.

10. Lodi Memorial rendered medically necessary, emergency

---

[1] Lodi Memorial has limited disclosure of patient identification here pursuant to the privacy provisions of the Health Insurance Portability & Accountability Act ("HIPAA"), 42 U.S.C. §§ 1320 *et seq.*, and the California Constitution, art. 1 § 1.

1  services, supplies, and/or equipment to the Patients on the dates of service
2  indicated on Exhibit 1.

4        11.    Lodi Memorial's usual and customary charges for the medically
5  necessary, emergency services, supplies, and/or equipment rendered to the Patients
6  amounted to $625,245.69.

8        12.    Lodi Memorial timely and properly billed Tiger Lines and GPA
9  for the medically necessary, emergency services, supplies, and/or equipment it
10 rendered to the Patients.

12       13.    Rather than properly paying Lodi Memorial for the medically
13 necessary services, supplies, and/or equipment Lodi Memorial rendered to the
14 Patients, within the past two years Tiger Lines and GPA only paid $61,889.52,
15 leaving a balance to be proven at trial but not less than $552,131.59, exclusive of
16 interest.

18       14.    As a result of the refusal of Tiger Lines and GPA to properly
19 pay Lodi Memorial for the medically necessary, emergency services, supplies
20 and/or equipment Lodi Memorial rendered to the Patients, Lodi Memorial has been
21 damaged in an amount to be proven at trial but not less than the sum of
22 $552,131.59, exclusive of interest.

24       15.    Lodi Memorial asserts its causes of action for breach of oral
25 contract and breach of negligent misrepresentation based on the eleven claims for
26 reimbursement indicated in Exhibit 1 ("Exhibit 1 Claims"). Lodi Memorial's usual
27 and customary charges for the medically necessary services, supplies, and/or
28 equipment rendered on the Exhibit 1 Claims amounted to $625,245.69. Within the

past two years Tiger Lines and GPA only paid $61,889.52, on the Exhibit 1 Claims, leaving a balance to be proven at trial but not less than $552,131.59, exclusive of interest.

## FIRST CAUSE OF ACTION

(Breach of Oral Contract)

(Against Defendants Tiger Lines, GPA, and Does 1 through 25)

16. Lodi Memorial incorporates by reference and re-alleges paragraphs 1 through 15 here as though set forth in full.

17. On or about the admission dates indicated on Exhibit 1, Lodi Memorial contacted Defendants and spoke with Defendants' representatives to verify the Patients' eligibility under Defendants' health plans and to confirm that Defendants would pay for the medical services provided. In response, Defendants' agents orally represented that: i) the Patients were eligible beneficiaries under the health plans; ii) Lodi Memorial was authorized to render medically necessary services to the Patients; and iii) based on the authorizations, Lodi Memorial would be reimbursed for the medically necessary services provided to the Patients at 100% of Lodi Memorial's usual and customary total billed charges. The specific facts regarding said oral representations, as indicated in Lodi Memorial's account notes, are set forth in Exhibit 1, in the column entitled "Facts Specific to Claim."

18. Lodi Memorial promised to provide, and did provide, medically necessary services to the Exhibit 1 Patients. Based upon such promises, Lodi Memorial and Defendants entered into oral contract regarding the rendering of medical care and payment for medical care to be rendered to the Exhibit 1 Patients.

19. Lodi Memorial has performed all conditions required by it on its part to be performed in accordance with the terms and conditions of the oral contracts.

20. Defendants breached the oral contracts by failing to pay Lodi Memorial 100% of its usual and customary total billed charges for the medical care given to the Exhibit 1 Patients.

21. As a direct and proximate result of Defendants' breaches, Lodi Memorial suffered damages on the Exhibit 1 Claims in the amount of $552,131.59, exclusive of interest.

### SECOND CAUSE OF ACTION
(Negligent Misrepresentation)
(Against Defendants Tiger Lines, GPA, and Does 1 through 25)

22. Lodi Memorial incorporates by reference and re-alleges paragraphs 1 through 21 here as though set forth in full.

23. On or about the admission dates indicated on Exhibit 1, Defendants' agents orally represented that: i) the Patients were eligible beneficiaries under the health plans; ii) Lodi Memorial was authorized to render medically necessary services to the Patients; and iii) based on the authorizations, Lodi Memorial would be reimbursed for the medically necessary services provided to the Patients at 100% of Lodi Memorial's usual and customary total billed charges. The specific facts regarding said oral representations, as indicated in Lodi Memorial's account notes, are set forth in Exhibit 1, in the column entitled "Facts

Specific to Claim."

24. Those representations were false (or were made without a reasonable basis for believing them to be true) in that Defendants had no intention to pay Lodi Memorial 100% of Lodi Memorial's usual and customary total billed charges for the medical necessary services, supplies and/or equipment rendered to the Exhibit 1 Patients.

25. Defendants intended Lodi Memorial to rely on the aforementioned misrepresentations to induce Lodi Memorial to render and/or continue rendering medical services, equipment, and supplies rendered to the patients at issue here and abjure from making alternative financial arrangements with the Exhibit 1 Patients.

26. Lodi Memorial reasonably relied on those misrepresentations.

27. Defendants refused and continued to refuse to pay Lodi Memorial the full amount due despite the earlier representations of Defendants' agents to the contrary.

28. As a direct and proximate result of the aforementioned misrepresentations, Lodi Memorial was obstructed from pursuing other avenues of reimbursement, rendered medical care on false pretenses, and has suffered substantial detrimental damages on the Exhibit 1 Claims in the principal sum of $552,131.59, representing Lodi Memorial's usual and customary total billed charges less underpayment from Defendants.

# **PRAYER FOR RELIEF**

**WHEREFORE**, Lodi Memorial prays for judgment on all causes of action as follows:

      1.    for the principal sum of $552,131.59;

      2.    for interest on such principal sum at the rate of 15% per annum, pursuant to Cal. Health & Safety Code § 1371; or, in the alternative, for interest on such principal sum at the rate of 10% per annum, pursuant to Cal. Civ. Code § 3289;

      3.    for all costs of suit incurred herein; and,

      4.    for such other and further relief as the Court deems just and proper.

Dated: April 28, 2017

                      STEPHENSON, ACQUISTO & COLMAN, INC.

                      /s/ Karlene J. Rogers-Aberman

                      KARLENE J. ROGERS-ABERMAN
Attorneys for
LODI MEMORIAL HOSPITAL ASSOCIATION, INC.,
a California non-profit public benefit corporation

FC 11365         - 8 -        THIRD AMENDED COMPLAINT FOR DAMAGES